Final case for argument is 15-708-4, Mitchell v. McDonald. Mr. McCord, Kenneth Carpenter appearing on behalf of Mr. Mitchell. This case deals with the board's subject matter jurisdiction under the provisions of 38 U.S.C. section 7104A. This case is distinguishable from this court's decision in Jackson because the Jackson case was a question of revisiting a question that had been decided by the VA in the first instance, and that was the question of new and material evidence. In this case, the VA did not address that decision. To the contrary, every procedural document in this case, from the rating decision to the NOD to the statement of the- The VA couldn't have done what it did decide unless there had been new and material evidence, right? Because the VA doesn't have the right to reconsider a final judgment in the absence of new and material evidence. So they couldn't even have done what they did. Granted, they certainly didn't address it, and I'll grant you I probably don't think they even thought about it, whether there is new or material evidence here. However, they couldn't have done what they did decide in the absence of new and material evidence. Isn't that right? No, Your Honor, because I don't believe this record shows, as the board ultimately found, that there was no new and material evidence in this case. And in fact, the provisions of 19.9A contemplate when the VA makes a procedural error such as this, to make a decision without dealing with the threshold question of new and material evidence, that that is a procedural error that requires remand to correct it. In other words, the board should have sent the case back to the agency- Why? Suppose, and I'm going to oversimplify these facts, okay? But suppose that the board has to say there's new and material evidence before they decide whether or not the earlier decision remains correct. I'm oversimplifying. That's not exactly the facts of these cases. I get that. But suppose that the VA has to make a decision on whether there's new and material evidence before they're permitted to then reach the merits of a new decision on the basis of the record. Okay, suppose that's the case. Suppose they jumped over step one, didn't decide new and material evidence, but they went ahead and said, regardless of new and material evidence, this case wouldn't warrant a different outcome because. What's wrong with that? I mean, you know, we sometimes say, without deciding this but finding in your favor, nonetheless, you would lose. So what's wrong with the VA doing the same thing? Because of the nature of these proceedings. These are proceedings that are, in this case, before a pro se veteran. He was represented by a national service organization. But neither the veteran nor the national service organization understood that there was a prerequisite to the submission of new and material evidence in this case in order to get the matter reconsidered. And if the court will direct its attention to the argument that was submitted to the board immediately before the board's hearing, it's on pages 54 and, I'm sorry, just 54 of the decision. It identifies the issue as the veteran contends the eligibility for VA benefits should be based upon his honorable period of service to a service-related injury. That was not the issue. The issue was whether or not the veteran, after having been previously denied, had come forward with new and material evidence sufficient to reopen. The hearing officer, on the very next page, identifies the fact that they clarified that that was the issue. But that was the first time in these proceedings, beginning with the VA's original decision, to the veteran's notice of disagreement, to the statement of case that was issued and his substantive appeal that was filed, that anybody talked about new and material evidence as what was necessary. So all of this time was quite candidly wasted because no one spotted the obvious omission, the obvious procedural error that what should have happened here was the VA should have said upon his initial inquiry, you cannot reopen this case without submitting new and material evidence. Otherwise, our previous decision stands. So what do you want to happen here? You want this case to go back to square one for the purpose of the VA making that determination explicitly? Yes. That what should happen is that this court should find that the board did not have subject matter jurisdiction, that 19.9a controls, and that the board should have referred the matter back to the VA to decide the question of doing material evidence. And you think there's a realistic possibility that the board would change its mind at whatever point in time, in your view, it has appropriate jurisdiction? Well, actually, I don't believe the case would necessarily have to go back to the board for a final decision because if it goes back to the agency of original jurisdiction, then at that time, quite candidly with my representation, he will submit new and material evidence. And that new and material evidence will be in the form of a psychiatric evaluation that meets the criteria for insanity under the VA's definition. But wait. I guess this is just a pedestrian question, which is if your complaint here is that the board didn't have jurisdiction to decide the record in front of it, why do you get a do-over? Why, in your view, is that just automatic that you would have the ability to submit new evidence if this case went back down? Why wouldn't we be saying that the Veterans Administration should decide that question based on the record that was before it at the time? Because of the provisions of 19.9. 19.9 provides that where there is a procedural defect in the administrative proceedings that the board recognizes, and in this case failed to recognize, should have required the case to go all the way back to the agency of original jurisdiction to put the veteran on notice that the issue was new and material evidence. And that in order to prevail in the reopening of the question of his entitlement to VA benefits, he has to come forward with new and material evidence. Now, you could do that again prospectively, even if you did not prevail in this case. Absolutely. But the difference is he loses his effective date. And that's why this issue is so crucial, because the board expanded its jurisdiction to reach an issue that had not been decided by the VA. Congress expressly stated in 7104 that an appeal to the board will be based upon the VA's decision. The VA's decision in this case was to deny, if you will, on the merits without consideration of reopening new and material evidence. I have a question about the record at page JA-61. As I understood it there, the judge was allowing the veteran, telling the veteran that he was going to hold the record open for 60 days for specific evidence. Why doesn't that satisfy the concern that the veteran didn't know that he had to submit? Because that doesn't remedy the procedural defect in the VA decision that was made. The VA decision that was made was not as the veteran's law judge in the final hearing before his decision. He reframed the issue as new and material evidence, which is the correct statement of the issue going all the way back. But Mr. Mitchell was given an opportunity. He was given the opportunity to submit that evidence. And that is more evidence, in my view, Your Honor, of why in this system that is supposed to be non-adversarial, that you explain clearly to the veteran that the consequences of not doing that. In other words, the judge says he's going to hold the record open for 60 days. What he didn't say is that if I don't get that evidence, I have to deny this claim. Because that evidence is the evidence necessary to meet the threshold requirement to reopen. That threshold requirement was never decided by the VA. The only decision by the VA in the first instance, and the decision that was appealed by Mr. Mitchell, was the question of the merits determination. Was he or wasn't he eligible based upon the character of his discharge? And he clearly was not, based upon that record. The only way to change that is with new and material evidence of his psychiatric condition at the time of his discharge, or excuse me, at the time of his... further documentation of his psychiatric state. Yes, but that couldn't correct the fact that the VA didn't do that in the first instance. And, as our second point is, is that that notice does not comply with the 5103C1 requirements to explain to the veteran the consequences of the overlooked evidence. All that the veteran's law judge was to acknowledge that apparently he interpreted from the comments made by the representative that he was introducing a new issue of insanity. He says specifically, you will need evidence to show that you were insane at the time of the events. That's on JA-60. Yes, he does. And then he says, merely conducting the acts that in hindsight were not the wisest does not establish insanity. So I'm holding the file open for 60 days for specific evidence. And then down at the bottom he says you're going to have to get your mental health care provider to write a statement saying he's reviewed the medical records and so on. Why isn't that enough? Because it doesn't explain to the veteran what insanity means under VA regulations. Insanity does not mean the McNaughton rule of insanity. It has an entirely different and much broader definition of insanity for VA purposes. Without informing him of that distinction, he has violated his obligation under 3.103C1. The Veterans Court in the Bryant case clearly interpreted the obligation of any VA hearing officer who conducts a hearing to explain. I'll give you the specific language. It is the responsibility of the VA employees conducting hearing to explain fully the issue. That was not a full explanation. So he had to tell him what the standard was. It's not enough to just say you need to submit new and material evidence. What you have here isn't enough. This is the standard you have to meet. That's correct. And that that standard is different from the common understanding of insanity. If you just took these words at face value as a pro se appellant and a non-attorney practitioner, a veteran service officer, you have no way of knowing that there is a completely different legal standard for insanity under VA regulations than under the common understanding of what insanity means. And that is the part that is lacking and is critical to the misinterpretation of the obligation on both. There were two hearings in this matter. And the first one never mentioned new and material evidence. And you don't get the mention of new and material evidence until right before the board is about to make its decision based upon the hearing. I see I'm into my rebuttal time. Thank you. We'll reserve that. Thank you. May it please the court, the United States respectfully requests that this court affirm the decision of the Veterans Court because the Veterans Court correctly held that the board had a jurisdictional responsibility to determine whether or not there was new and material evidence prior to considering Mr. Mitchell's claim on the merits. And the Veterans Court applied the correct legal standards when affirming the board's decision and finding that the VA sufficiently explained and fully explained the issues to Mr. Mitchell that were on appeal. With regards to the jurisdictional issue, although Mr. Mitchell attempts to distinguish from the Jackson case, in this case this court has held in both Barnett v. Brown and in Jackson v. Principe that regardless of what happens at the VA officer level, at the RO level, the board has its own independent requirements to consider whether or not it has jurisdiction over the issue and whether or not there exists new and material evidence. In reviewing the decision, the board looked both to all of the evidence that had been submitted in the 1992-1993 decision and the new evidence that had been submitted as part of the 2008 review. And the board held that there was, in fact, no new and material evidence sufficient to grant it any jurisdiction over Mr. Mitchell's claim. In addition, the Veterans Court applied the correct legal standards at issue in this case. The Veterans Court was correct in applying CFR 3.103 because at the board level, the board clearly explained to Mr. Mitchell that the issue before him, before the board on appeal, was the issue of new and material evidence, that it had to be different evidence, it had to be new, and it had to go to his claims that he was not responsible for the conduct that led to his bad conduct discharge. That was the same issue that was present before the DRO at the lower level where Mr. Mitchell's initial claim, and I think this is important, that Mr. Mitchell's initial claim was for an upgrade of the character of his discharge. While he also claimed injury during honorable service, in his own words, he sought an upgrade of the character of his discharge. But weren't those two related? I mean, wasn't that necessary for him to get an upgrade of his disability? The two are related, right? Correct, Your Honor. There was an initial bar that Mr. Mitchell had to overcome in order to reopen his claim, in order to get any entitlement to VA benefits. He first had to overcome the 1993 decision that his bad conduct discharge was considered dishonorable for veterans' purposes, veterans' benefits purposes. And at that point in time, then he would have to prove specific entitlements to injury, service-connected injury. So what the decision review officer was looking at was whether or not Mr. Mitchell had presented any evidence to substantiate his claim that his bad conduct, that his conduct that resulted in his bad conduct discharge, was a result of not his responsibility, it was a result of, in this case, insanity. I guess he's claiming it at various stages. And what the DRO noted is that his case, Mr. Mitchell's case, depends on us altering our impression of the reason for your discharge. So the DRO was imposing a high standard that Mr. Mitchell had to substantiate his claim, while the board was simply applying a threshold standard, a much lower standard, of has Mr. Mitchell presented new and material evidence sufficient to raise a reasonable possibility of substantiating his claim. The board wasn't asking Mr. Mitchell to meet the standards that were at the DRO level. The board was simply asking Mr. Mitchell to meet a much lower standard, present some evidence that's new and material, that is distinct from what had been presented previously, that you were not responsible, that there's some reason to change your bad conduct discharge. And if you're claiming insanity, provide some evidence of insanity. And the notion that Mr. Mitchell did not understand what was being asked of him, and that his representative specifically didn't understand what was being asked of him is belied by the record, given that Mr. Mitchell specifically asked for the 60 days in front of the board, citing to specific evidence that his representative, I believe, that he could obtain easily, which was a medical record relating to his insanity claim, including MRIs and any sort of doctor's analysis of whether or not the MRIs led to his bad conduct discharge. Does it come too late for the board to correct the VA error in not telling him he could introduce new evidence? Respectfully, Your Honor, I don't know that the VA didn't tell Mr. Mitchell he couldn't submit new evidence. What the VA provided for Mr. Mitchell was that he had to alter the character of the discharge. So they gave him an opportunity to submit new evidence. He, in fact, did submit new evidence. He submitted evidence in the 2004-2008 timeframe. There were some doctors, I believe some doctors' records, some psychiatric records. But he submitted something, and he was pro se. At that point, doesn't the duty to assist require the VA to tell him, if you're seeking to reopen your claim, you have to submit new and material evidence to do so? Well, the VA had a duty to inform. I believe Your Honor is correct in the sense that the VA had an obligation to assist Mr. Mitchell in the standards that were required of him in order to reopen his claim, yes. The VA at the DRO level didn't clearly state that, but the VA at the DRO level presented a higher standard to Mr. Mitchell, actually. The VA said you had to actually substantiate your claim, not simply that you had to present evidence that there was a reasonable possibility you could substantiate your claim. While the board corrected this error, if it is an error, by the lower court, by the DRO, by simply providing that, by clearly explaining to Mr. Mitchell that the issue was new and material evidence, that he had to submit something new, something different. And if he was claiming insanity, he had to provide some evidence, some specific evidence that his insanity, his alleged insanity, led to his bad conduct discharge. But Mr. Carpenter tells us that that's too late, that the opportunity to be given to him by assisting him and telling him what he needs to do should come at the first stage, not at the second stage. Respectfully, Your Honor, I believe that what was presented to Mr. Mitchell at the first stage in the DRO hearing and in the decision below was more than what was presented by the board. Again, what the DRO is asking Mr. Mitchell to do is change, present evidence that changed the nature of his discharge according to the previous 1993 decision. So there was a much higher threshold that the DRO was asking Mr. Mitchell to meet. And don't you see that as problematic? I mean, that's a problem, yes. Like, if I tell you you need to prove beyond a shadow of the doubt something, well, I'm not going to bother to submit this evidence because it's not beyond a shadow of a doubt, it only proves it sort of, and I'm not going to bother with this because it's not quite strong enough. And do you not understand that if the VA, as you're suggesting, gave him wrong information about how high a burden he had to establish, that that's quite troubling? Your Honor, I don't know that troubling is the correct – You wouldn't be troubled by it? You wouldn't be troubled by the VA misinforming a pro se veteran about what he needs to prove? Well, respectfully, Your Honor, I don't think the VA misinformed Mr. Mitchell of what he needed to prove. The VA told Mr. Mitchell in order to ultimately win on his claim, he would have to change the character of his discharge. On two separate occasions in your oral argument, you suggested that the VA instructed him that his burden was, in fact, higher than what it was. Those are your words in two separate occasions. So if the VA instructed him twice, or if you said twice that the VA's instruction to him was higher than what he actually needed to establish, do you not agree that the VA's instruction to him regarding his burden of proof was inaccurate? Your Honor, it may have been inaccurate, but in this instance, it was not harmful to Mr. Mitchell because, in effect, as I think the court's questions may have recognized, is that the DRO implicitly overcame the hurdle of new material evidence, reopened Mr. Mitchell's claim, looked at all the previous evidence without deciding the specific question of new and material evidence. So it looked at the specific merits of Mr. Mitchell's claim without asking him to meet the lower threshold of new and material evidence. So are you now saying, because I thought the government argued that the VA implicitly decided, are you now saying the VA didn't implicitly decide the question of new and material evidence? I just heard you said without even looking at the question of new and material evidence. Is the government's position now on appeal that the VA did not decide whether there was new and material evidence? No, Your Honor, and if I may have misspoken, I apologize. But what I was trying to elicit was the fact that the VA, in order to get to the question of the merits, in order to determine whether or not Mr. Mitchell was entitled to VA benefits, it had to get to the merits of his eligibility. And by doing so, it implicitly decided that there was new and material evidence in order to reopen the claim. But when it got to the board, the board simply, and let's recognize that the VA denied Mr. Mitchell's claim on the merits. When it got to the board, the board presented Mr. Mitchell with essentially an opportunity by simply telling Mr. Mitchell that all he needed to present was not enough evidence to succeed on the merits, but simply enough evidence to show the board that there was new and material evidence to raise a reasonable possibility to substantiate his claim. And at the board level, he specifically, at least his advocate, specifically requested 60 days to provide that evidence, and no evidence was provided to, no new and material evidence was provided. The board determined that the evidence was cumulative, it was non-material, and there was no reasonable possibility of substantiating the claim. Mr. Mitchell also seeks to argue that the Veterans Court applied the incorrect standard, it recites to 3.103, and notes that the board and the Veterans Court were required to consider the duty to assist along with the entitlements to, or excuse me, the duty to provide medical assistance, as in considering what was explained to Mr. Mitchell at the VA, both at the DRO level and at the board level. But the cases relied upon by Mr. Mitchell don't support that argument. What the cases relied upon state is that until the claim is reopened, there is no duty to provide medical assistance. The board must simply consider whether or not if medical assistance were provided, would it have a reasonable possibility of substantiating his claim once the claim was reopened. But the board held that there was no new and material evidence, and so the Veterans Court was correct in not applying the question of whether or not, in determining that Mr. Mitchell was effectively not entitled to any medical assistance, in this case a psychiatric evaluation provided by the VA. In addition, Mr. Carpenter raised the question of the insanity standards and what was fully explained to him with regards to the insanity standards. What was presented to the board was not the question of whether or not Mr. Mitchell was insane. The question before the board as it articulated to Mr. Mitchell was, has he and could he present any new and material evidence that could substantiate a claim for insanity. If the board wasn't asking him to meet a specific insanity requirement, whether the McNaughton rule or whatever rule, the board was simply asking him to present some evidence that tended to show that he was not responsible for the acts that led to his bad conduct discharge. The board, the judge said, quote, I'm broadening it to basically come in with evidence to show that you were in fact insane at the time you committed these acts. Let me continue the quote. Insanity is a very specific requirement, and your examiner, if you're able to get the evidence, is going to have to document why you would meet the definition of insanity. That doesn't sound at all consistent with what you just claimed that the board actually said and did. What the board actually, what the board presented to Mr. Mitchell was a requirement that he present some evidence that tended to show. No, where does it say? Mr. Mitchell, I'm going to reopen the record so you can introduce some evidence that tends to show. Where does he say that? Because actually what I read is to basically come in with evidence to show that you were in fact insane at the time you committed these acts. Insanity is a very specific requirement, and your examiner, if you're able to get the evidence, is going to have to document why you would meet the definition of insanity. Man, that sounds like a very high standard and completely inaccurate standard as to what he had to actually come in and show. Your Honor, I believe when looking at the entirety of the board's hearing, what the board was saying is that the issue before the board is new and material evidence, and what the judge was doing there was saying to Mr. Mitchell, if he was going to raise his defense of insanity, the board was going to permit him by expanding, broadening the scope of review to beyond simply the new and material evidence issue, to also recognize that if he's going to present this evidence of insanity, he's going to have to provide evidence that documents his insanity, that he's going to provide a medical opinion that establishes the connection between his bad conduct discharge and any medical-related trauma that occurred. And Mr. Mitchell, I think it's important to note that in response to this, in response to Mr. Mitchell's request to provide additional evidence, Mr. Mitchell didn't provide any evidence of any type to describe any specific insanity. The only evidence he had provided was simply that he was receiving treatment post-service for, I believe, certain mental disorders, but there was no specific evidence of any type connecting his time in service with any specific insanity or mental illness or otherwise. In fact, the evidence tended to show that there was no record of any sort of mental disorders or mental issues at the time of his service. And if there are no further questions. Thank you. Thank you. Honors, I believe it's clear that the Board decided a matter other than the matter decided by the VA. I think it's equally clear from the statements made by the VA's representative that the decision review officer imposed a higher standard and an incorrect standard, as did the Veterans Law Judge. It seems clear to me that this matter needs to be reversed and returned with directions to return the matter to the Board with directions to return the matter to the VA to give Mr. Mitchell the opportunity to submit the new and material evidence that he requires to reopen his client. Unless there's further questions. Thank you. Thank you. We thank both counsel and the cases submitted. And that concludes our proceedings for this morning. All rise. The Honorable Court is adjourned until tomorrow morning at 10 o'clock a.m.